**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. ________________** |
| | § | |
| **RIATA CATTLE COMPANY, INC. a/k/a RIATA CATTLE CO. AND JOSHUA OCHOA** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE COURT:**

Now comes Plaintiff National Liability & Fire Insurance Company ("National Liability") and makes and files this, its Complaint for Declaratory Judgment against Riata Cattle Company, Inc. a/k/a Riata Cattle Co. ("Riata") and Joshua Ochoa ("Ochoa") and would show the following:

## I. INTRODUCTION

1. This is a suit to determine insurance coverage. National Liability insured Riata under a business auto liability policy. Riata's employee, Joshua Ochoa was driving a tractor-trailer in the course and scope of his employment and had a single-vehicle accident on September 20, 2016, flipping the tractor and sliding through a fence. Ochoa has filed suit against Riata in cause no. C-3051-18E, styled *Joshua Ochoa v. Riata Cattle Co. and Riata Cattle Company, Inc.*, and pending in the 275th District Court, Hidalgo County, Texas (the "Underlying Lawsuit"). National Liability is defending Riata under reservation of rights. National Liability seeks a determination

that it does not owe defense to Riata, and cannot owe indemnity for any judgment Ochoa may obtain.

## II. PARTIES AND JURISDICTION

2. Plaintiff National Liability is an insurance company incorporated under the laws of the state of Connecticut and with its statutory office, and therefore its principal place of business, is in Omaha, Nebraska. Therefore, it is a citizen of Connecticut and Nebraska, and is not a citizen of Texas.

3. Defendant Riata is a corporation incorporated under the laws of the state of Texas and with its principal place of business in Willacy County, Texas. It is therefore a citizen of Texas.

4. Defendant Ochoa is an individual, residing in Edinburg, Hidalgo County, Texas. He is, therefore, a citizen of Texas.

5. Jurisdiction is proper in this court based on 28 U.S.C. §1332(a), because there is complete diversity of citizenship between plaintiff and defendants. The Underlying Lawsuit asserts damages in excess of $1 million; therefore, the amount in controversy is in excess of $75,000. This Court also had jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201.

## III. VENUE

6. Venue is proper in this District, because it is where Riata is located and Ochoa resides, and because a substantial part of the acts giving rise to the dispute occurred in this District, as the policy was issued to Riata in Raymondville, and the Underlying Lawsuit is pending in Hidalgo County.

## IV. BASIS FOR RELIEF

7. In the Underlying Lawsuit, Ochoa alleges he was "working in the course and scope of his employment with Defendant" at the time of the accident. Ochoa also alleges that Riata was

a non-subscriber to workers compensation. A true and correct copy of the Second Amended Petition which is, upon information and belief, the live pleading, is attached hereto as Exhibit A.

8. National Liability insured Riata under policy no. 73 APS 062435, effective for the period of 1/15/2016 to 1/15/2017. Covered "Autos" are defined by Symbol 7. The National Liability policy provides coverage for accidents involving covered autos. The tractor at issue is a scheduled vehicle and qualifies as a covered auto.

9. The policy, however, is subject to exclusions that provide, in part, that the insurance does not apply to any of the following:

* * *

**4. Employee Indemnification And Employer's Liability**
"Bodily injury" to:
a. An "employee" of the "insured" arising out of and in the course of:
(1) Employment by the "insured". Or
(2) Performing the duties related to the conduct of the "insured's" business

. . .

* * *

10. Plaintiff Ochoa alleges that he was an employee of Riata and acting in the course and scope of that employment. He further alleges that Riata was a non-subscriber to workers compensation. Accordingly, there is no duty to defend.

11. Further, because there can be no indemnity, for the same reasons there is no duty to defend, National Liability is also entitled to a declaration that it has no duty to indemnify Riata for any judgment, or to pay any judgment to Ochoa on behalf of Riata.

## V. PRAYER

WHEREFORE, National Liability requests that the Court enter judgment, declaring that National Liability has no duty to defend Riata, indemnify Riata, or pay any judgment to Ochoa, in the Underlying Lawsuit, and for such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

/s/ Beth D. Bradley
Beth D. Bradley
Texas Bar No. 06243900
bethb@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199
**ATTORNEY FOR PLAINTIFF NATIONAL LIABILITY & FIRE INSURANCE COMPANY**