**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 7:20-cv-00234** |
| **RIATA CATTLE COMPANY, INC. a/k/a RIATA CATTLE CO. AND JOSHUA OCHOA** | § | |
| **Defendants.** | § | |

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

**TO THE HONORABLE COURT:**

NOW COMES Plaintiff National Liability & Fire Insurance Company ("National Liability") and makes this Motion for Summary Judgment against Riata Cattle Company, a/k/a Riata Cattle Company ("Riata") and Joshua Ochoa ("Ochoa") pursuant to Rule 56, Fed. R. Civ. P., and would show the following:

## I.
## BASIS FOR MOTION

1. This is a suit to determine insurance coverage. National Liability insured Riata under a business auto liability policy. Riata's employee, Joshua Ochoa, was driving a tractor-trailer in the course and scope of his employment and had a single vehicle accident on September 20, 2016. Ochoa filed suit in Cause No. C-3051-18E, styled *Joshua Ochoa v. Riata Cattle Company and Riata Cattle Company, Inc.*, pending in the 275th District Court, Hidalgo County, Texas (the "Underlying Lawsuit").

2. National Liability is defending under reservation of rights, but seeks a determination that it does not owe defense to Riata and cannot owe indemnity for any judgment Ochoa may obtain, as a matter of law, because Ochoa was an employee of Riata, acting in the course and scope of his employment, at the time of the accident and coverage is therefore excluded.

3. National Liability also seeks summary judgment on Riata's counterclaim, asserting a right to coverage under Form F. National Liability would show that Form F does not apply to a single vehicle accident involving an insured's employee-driver. Moreover, Form F explicitly provides for a reimbursement right against Riata, should National Liability be required to pay a claim that is not otherwise covered. Accordingly, even if Form F is held to apply, National Liability seeks summary judgment that it is entitled to reimbursement from Riata for any amounts paid by requirement of the policy certification.

## II.
## SUMMARY JUDGMENT EVIDENCE

National Liability relies on the following summary judgment evidence:

4. The Second Amended Petition in the Underlying Lawsuit, Cause No. C-3051-18E, *Joshua Ochoa v. Riata Cattle Company and Riata Cattle Company, Inc.,* a true and correct copy of which is attached as Exhibit 1.

5. The National Liability policy under 73 APS 062435, issued to Riata Cattle Company, Inc., a true and correct copy of which is attached as Exhibit 2.

5. Riata's response to Requests for Production and documents produced as Exhibit A thereto, attached as Exhibit 3.[1]

[1] Ochoa's personal identification information, such as his social security number, has been redacted by Riata to avoid privacy concerns.

## III.

## STATEMENT OF FACTS

6. In the underlying lawsuit, Ochoa expressly alleges he was "working in the course and scope of his employment with Defendant" at the time of the accident. (Ex. 1, ⁋ 6). Ochoa also alleges that Riata was a non-subscriber to workers compensation and therefore Riata is deprived of common law defenses under Texas Labor Code § 406.033. (Ex. 1, ⁋ 7) [2]

7. While Ochoa's alleged employment status is not in doubt, discovery in the present case substantiates that Ochoa was, in fact, an employee of Riata. (Ex. 3).

8. National Liability insured Riata under policy number 73 APS 062435, effective for the period of January 15, 2016 to January 15, 2017. (Ex. 2, p. 36).[3] The policy provides a combined single liability limit of $1 million. (Ex. 2, p.36). Covered "autos" are defined by Symbol 7, which applies to specifically described (scheduled) autos, and there is no dispute that the tractor at issue is a scheduled vehicle and qualifies as a covered auto. (Ex. 2, pp. 36, 39). The policy, however, is subject to exclusions that provide, in part, the insurance does not apply to:

* * *

> 4. Employee indemnification and employer's liability "bodily injury" to:
>
> a. "Employee" of the "insured" " arising out of any course of: (1) employment by the "insured" or (2) performing the duties related to the conduct of the "insured's" business.

* * *

(Ex. 2, p. 42).

[22] § 406.033 applies only if Riata was Ochoa's employer and elected not to provide workers compensation coverage.
[3] For the Court's convenience, page numbers have been added to the policy.

## IV.

## ARGUMENT AND AUTHORITIES

### A. Summary Judgment Standard

Summary Judgment is appropriate when there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c), *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

### B. Duty to Defend and Indemnify

Under Texas law, an insurer's duty to defend is a question of law. *See, e.g., Ooida Risk Retention Group, Inc. v. Williams,* 579 F.3d 469, 472 (5th Cir. 2009). The duty to defend is based upon a comparison of the factual allegations of the pleadings to the terms of the policy. *Id.* It is the facts, not the theories or causes of action, that are determinative. *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *Markel Am. Ins. Co. v. Verbeek*, 657 Fed. Appx. 305 (5th Cir., Sept. 27, 2016); *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, 515 F. Appx 310, 314 (5th Cir. 2013). Moreover, a court cannot "imagine factual scenarios" that would give rise to coverage. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 142 (Tex. 1997); *BJB Constr. LLC v. Atlantic Cas. Ins. Co*., 338 Fed. Appx. 382 (5th Cir., Jul 13, 2009). Where the alleged facts do not state a claim potentially within coverage, or state only excluded facts, there is no duty to defend. *Id.; Northfield Ins. Co. v. Loving Home Care, Inc.,* 363 F.3d 523, 528 (5th Cir. 2004).

While the determination of a duty to defend is generally limited to consideration of the "eight corners' of the policy and the pleading, there are certain situations in which extrinsic evidence may be considered, for facts that impact only coverage. The Fifth Circuit has predicted that if the Texas Supreme Court were to recognize an exception to the eight-corners rule, it would

be likely to do so "when it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Loving Home Care, Inc.,* 363 F.3d at 531. The Texas Supreme Court has not expressly adopted this exception, but has referenced the Fifth Circuit guidelines, and their adoption by intermediate courts. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).[4]

Indemnity, on the other hand, is based on the actual facts that are developed in the lawsuit and result in the insured's liability. *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 82 (Tex. 1997); *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d at 472, 477. Where the same alleged facts and policy provisions will also preclude indemnity, an insurer's indemnity obligation is also justiciable. *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d at 83-84; *Verbeek*, 657 Fed. Appx. at 311; *Columbia Cas. Co. v. Ga. & Fla. Railnet Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

**C. Ochoa's Claims are Excluded**

Plaintiff Ochoa alleges that he was working in the course and scope of the employment with Riata at the time of his accident. (Ex. 2, ⁋ 6) He further alleges that Riata was a non-subscriber to workers compensation and has therefore waived its defenses to an employee injury. (Ex. 2, ⁋ 7). Interpretation of an insurance policy is a question of law. *Guaranty Nat'l Ins. Co. v. North River Ins. Co.*, 909 F.2d 133, 135 (5th Cir. 1990). Unambiguous terms are construed as written. *Barnett*

[4] The Texas Supreme Court has explicitly recognized an exception for collusion. *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878 (Tex. 2020). The Texas Supreme Court has also recently accepted a certified question from the Fifth Circuit on the use of extrinsic evidence for unpleaded facts material to coverage. *See Bitco General Insurance Corporation v. Monroe Guaranty Insurance Company*, Case No. 21-0232 (Tex. Sup. Ct. Mar. 19, 2021), accepting certified question from Case No. 19-51012, 2021 U.S. App. LEXIS 7394 (5th Cir. Mar. 12, 2021).

*v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex. 1987). Ochoa's allegations are within the clear and unambiguous policy exclusion for injury to an employee. *Scottsdale Indem. Co. v. Rural Trash Serv.*, 142 F. Supp. 3d 530 (S.D. Tex. 2015) (exclusion applied to garbage truck driver allegedly working for insured). Accordingly, under a complaint allegation analysis, there is no duty to defend.

Under Texas law, employee injury exclusions in commercial auto policies are not only routinely enforced, they are required. The Motor Vehicle Safety Responsibility Act provides, in part:

> A motor vehicle liability insurance policy may not insure against liability:
>
> (1) for which the insured or the insured's insurer may be held liable under a workers' compensation law;
> (2) for bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or in domestic employment if benefits for the injury are payable or required to be provided under a workers' compensation law;
>
> * * *

Tex. Transp. Code § 601.075. *Robertson v. Home State County Mut. Ins. Co.*, 348 S.W.3d 273 (Tex. App. – Fort Worth 2011, pet. denied) (employed truck driver's claim for injuries was excluded and was not within policy exception for domestic employee not entitled to workers compensation); *West v. Southern County Mut. Ins. Co.*, 427 S.W.3d 576 (Tex. App. – Dallas 2014, no pet.) (same); *see also Consumer County Mut. Ins. Co. v. PW & Sons Trucking Inc.* 307 F. 3d 362, 366-67 (5th Cir. 2002) (applying exclusion); *Ooida Risk Retention Group, Inc. v. Williams* 579 F.3d at 477-78 (applying exclusion).

Further, because there can be no indemnity, for the same reasons there is no duty to defend, National Liability is also entitled to a declaration that it has no duty to indemnify Riata for any judgment, or to pay any judgment that Ochoa may obtain, on behalf of Riata.

Moreover, to the extent that extrinsic evidence may be considered on this issue, the extrinsic evidence further confirms that Ochoa was, in fact, an employee, acting in the course and scope of his employment at the time of the accident. (Ex. 3). Accordingly, the exclusion applies.

Riata asserts, as an affirmative defense, that Ochoa could have been a temporary worker, and not an employee. First, there is no such allegation, and the court is not required to imagine factual scenarios that are not alleged but might give rise to coverage. *Merchants Fast Motor Lines*, 939 S.W.2d at 142.

Further, case law is clear that a temporary worker is one furnished by a third-party (such as a temporary employment agency). *See Parra v. Markel Int'l Ins. Co.,* 300 Fed. Appx. 317 (5th Cir. Nov. 4, 2008; *see also Mendenhall v. Property & Cas. Ins. Co.*, 375 S.W.3d 90, 92-93 (Mo. 2012); *Gen. Agents Ins. Co. of Am., Inc. v. Mandrill Corp*., 243 Fed. Appx. 961 (6th Cir., July 13, 2007). Again, there is no allegation of any third-party involvement.

Finally, even if the Court were to deem this a "coverage-only" fact, not addressed by the allegations, as to which the Court may refer to extrinsic evidence, the W-2s provided by Riata reflect that Ochoa's employment was not temporary but spanned a two-year period, in 2015 and 2016, and that he was employed directly by Riata, not through a third-party.

**D. Form F Does Not Apply**

Despite the clear lack of coverage under the policy, Riata asserts that coverage nevertheless exists, based on the "Form F" endorsement to the policy. Form F provides, in part, that:

> 1. The certification of the policy, as proof of financial responsibility under the provisions of any state motor carrier law or regulation promulgated by any state commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it

> would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

The chart indicates Texas is the state for which the policy is certified. (Ex. 2, p. 32).

The pleading is silent as to whether Ochoa was engaged in intrastate transportation to which the Texas motor carrier laws would apply. Even assuming that to be the case, however, Form F does not apply to Ochoa's own claim that he was injured while acting on behalf of Riata, as a motor carrier.

Form F ensures that the public is protected from the negligence of a motor carrier. It is not designed to benefit the motor carrier, or to expand its rights under the contract of insurance. The financial responsibility requirements are to protect the *public* from injuries caused by the motor carrier, not the insured's employee-driver. Ochoa, the employee-driver injured in a single-vehicle accident, is not the intended beneficiary under Form F.[5] Subchapter C of the Texas Transportation Code specifies the insurance requirements for a motor carrier. § 643.101 of Subchapter C. requires a motor carrier to maintain liability insurance in an amount set by the department. Tex. Transp. Code § 643.101.[6] § 643.106 of Subchapter C lists the requirements for a motor carrier's protection of its employees.

In addition, Texas Transportation Code § 643.106 specifically requires that a motor carrier *protect* its drivers through maintenance of workers compensation or accidental insurance coverage.

> INSURANCE FOR EMPLOYEES. (a) Notwithstanding any provision of any law or regulation, a motor carrier that is required to register under Subchapter B and whose primary business is transportation for compensation or hire between two or more municipalities shall protect its employees by obtaining:
>
> (1) workers' compensation insurance coverage as defined under Subtitle A, Title 5, Labor Code; or

---

[5] Exclusion of employee injuries is explicit under the MCS-90. *See Ooida Risk Retention Group, Inc. v. Williams,* 579 F.3d at 478.

[6] As one court has noted, Form F is meaningless without reference to the motor carrier laws to which it conforms. *Canal Indem. Co. v. Williams Logging & Tree Servs.*, 714 F. Supp. 2d 654, 656 (S.D. Tex. 2010). When Form F applies and amends the policy, the insurer's obligation is limited to the limits of liability applied by the applicable regulations which in this case, based on use and weight, would be $500,000. 43 Tex. Admin. Code §218.16(a).

(2) accidental insurance coverage approved by the department from:
(A) a reliable insurance company authorized to write accidental insurance policies in this state; or
(B) a surplus lines insurer under Chapter 981, Insurance Code.

* * *

These requirements are further addressed in the Texas Administrative Code. *See* Tex. Admin. Code, §218.10 ("This subchapter prescribes the procedures by which a motor carrier, leasing business, or for-hire transporter of household goods may register, and sets out minimum insurance requirements and minimum workers' compensation or accident insurance requirements."). An application for motor carrier registration must include proof of the requisite insurance. Tex. Admin. Code, §218.13. In this case, however, Riata provided no insurance to protect employees against injury. (Ex. 1, ⁋ 7; Ex. 3, Response to Request for Production No. 10). Thus, it would be in contravention of the statute and a violation of public policy to apply Form F to create an employee benefit that Riata was compelled, but failed to provide.

The application of Form F to an employee injured in a single car accident has not been extensively addressed under Texas law, and there is not an abundance of case law from other jurisdictions. In *Scottsdale Indem. Co. v. Rural Trash Serv*., however, the court applied the policy exclusion despite the existence of a Form F endorsement. 142 F. Supp. 3d at 535. In *Rural Trash Serv*., the court looked to Form F to conclude that the driver would be considered an employee under Texas state motor carrier regulations, which incorporate the definition of employee from the Federal Motor Carrier Safety Regulations. *Id*. at 535. The court concluded the driver, whether an employee or independent contractor, would be considered an employee and the employee exclusion applied to preclude coverage. *Id*. A federal court applying New Mexico law has also concluded that the purpose of similar statutes is to protect the public, and not an employee. *See John Deere Ins. Co. v. Bachicha,* 1998 U.S. Dist. LEXIS 24389 (D. N. M. Aug. 26, 1998); *see*

*also Scottsdale Ins. Co. v. Okla. Transit Auth., Inc.,* 2008 U.S. Dist. LEXIS 27322 at *18 (N.D. Okla. Mar. 28, 2008) ("purpose of state compulsory insurance laws and Form F is to protect members of the public who have been injured by the negligent acts of a motor carrier even if the vehicle involved in an accident is not covered under the motor carrier's insurance policy); *but see Cas. Reciprocal Exch. v. Sutfin,* 166 P. 2d 434 (Okla. 1945). In *Bachicha*, the court noted that employer-employee relationship was "decidedly different, than other categories enumerated in the New Mexico Motor Carrier Act, and that "employees" could not be understood to be part of the general public the statute was designed to protect, 1998 U.S. Dist. LEXIS at * 8. The same is true of the Texas Act. The court in *Bachicha* further noted:

> Defendant's reading of the statute as a "catchall" mandate for insurance coverage fails because the purpose in enacting the statue was to benefit the general public, not employees of motor carriers for work-related injuries. . . .

*Id.* at * 9. Because of its analysis that the Act did not require coverage, the court held Form F did not apply and had no effect on the policy's employee exclusion, *Id.* at * 10. The reasoning is sound and there should be little doubt that the Texas Supreme Court, if presented with this issue, would reach the same conclusion. This result is also consistent with Tex. Transp. Code § 601.075.

Although the federal endorsement, the MCS-90, specifically excludes employee injuries, it is still relevant, by analogy.[7] As noted by the court in *Rural Trash Serv.*, the Texas Act incorporates much of the Federal Motor Carrier Safety Act, and the Federal Motor Carrier Safety Regulations. That court looked to cases excluding employees. *Id.* (citing *Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002). If exclusion of employees is consistent with the federal act and regulations, it is hard to fathom why it would be inconsistent with the Texas act and regulations, much of which is based on the federal regulations.

[7] *See also Perry v. Harco Nat'l Ins. Co.*, 129 F. 3d 1072, 1074-75 (9th Cir. 1997) (enforcing exclusion of employees under MCS-90 and Motor Carrier Act).

### E. If Form F Applied, National Liability Would Be Entitled to Reimbursement

Moreover, even if Form F did apply, the reimbursement provision of Form F would also apply. The policy exclusion clearly precludes coverage. If the policy is amended to require payment, regardless of the exclusion based upon Form F and its incorporation of motor carrier laws, National Liability would then have a clear and unambiguous right to reimbursement from Riata for any amount paid in defense of Riata or paid to Ochoa on Riata's behalf. *National Cas. Co. v. Lane Express, Inc.*, 998 S.W.2d 256, 264-65 (Tex. App. – Dallas 1999, pet. denied) (named insured required to reimburse payment under Form F); *Okla. Transit Auth., Inc.*, 2008 U.S. Dist. LEXIS 27322 at *19-20 (plain language of Form F permitted insurer to seek reimbursement); *Rural Mut. Ins. Co. v. Peterson*, 395 N.W.2d 776 (Wisc. 1986). The endorsement "operates only to protect the public and does not alter the relationship between the insured and the insurer as otherwise provided in the policy." *Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 878-79 (10th Cir. 2009) (discussing MCS-90).

## V.
## CONCLUSION AND PRAYER

Based on the factual allegations of the current pleading, Ochoa was an employee of Riata, acting in course and scope, at the time of the accident that forms the basis of his claims in the Underlying Lawsuit. Therefore, as a matter of law, the policy exclusion applies and there is no duty to defend. Moreover, as Ochoa's employment status is not in doubt, and as the same facts preclude indemnity, there is no duty to indemnify, or to pay any judgment on behalf of Riata, as a matter of law. Form F does not create a duty and, even if it did, it would be limited to the statutory requirements, and National Liability would be entitled to reimbursement from Riata for any amounts paid in defense or indemnity. The public policy, as set forth in the Transportation Code, is for motor carriers to protect employees through workers compensation or accident policies, and

to protect the public through liability insurance. Form F is for the benefit of the public, not Riata.

WHEREFORE, in light of the foregoing evidence and authorities, National Liability requests that its motion be granted and that this Court enter a declaration, as a matter of law, that National Liability has no coverage, and no duty of defense or indemnity, as a matter of law.

Respectfully submitted,

*/s/ Beth D. Bradley*

Beth D. Bradley, Attorney-in-Charge
Texas Bar No. 06243900
Southern Dist. Bar No. 18053
bethb@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: (214) 665-0100
Facsimile: (214) 665-0199
**ATTORNEY FOR PLAINTIFF NATIONAL LIABILITY & FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2021, a true and correct copy of the foregoing was served through the Court's e-filing system on the following counsel of record:

Roger W. Hughes
ADAMS & GRAHAM, LLP
P.O. Drawer 1429
Harlingen, Texas 78551-1429
**ATTORNEY FOR DEFENDANT RIATA CATTLE COMPANY, INC.**

Eric D. Nielsen
NIELSEN CROCKETT, LLP
9800 Northwest Frwy, Suite 314
Houston, Texas 77092
**ATTORNEY FOR DEFENDANT JOSHUA OCHOA**

*/s/ Beth D. Bradley*
Beth D. Bradley